IN THE UNITED STATES OF AMERICA
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. 1:15CR00072-1 |
| ) | (Financial Litigation Unit) |
| LOWNEY YOHNAGALEGI CROW, ) | |
| ) | |
| and ) | |
| ) | |
| EASTERN BAND OF CHEROKEE INDIANS, ) | |
| ) | |
| Garnishee. ) | |

ORDER OF CONTINUING GARNISHMENT

This matter is before the Court on the Answer of Garnishee, filed on November 16, 2016, (Doc. 37) by the Garnishee, Eastern Band of Cherokee Indians ("Tribe"), and the Response of the United States filed on November 17, 2016, (Doc. 38); the Claim for Exemptions, filed on November 28, 2016, (Doc. 39) by the Defendant, and the Response of the United States filed on December 6, 2016, (Doc. 40).

On August 16, 2016, the Honorable Martin Reidinger, United States District Judge, sentenced Defendant to serve 87 months incarceration for his convictions of assault within Indian country, resulting in serious bodily injury, in violation of 18 U.S.C. ' ' 1153 and 113(a)(6). *See* Judgment (Doc. 29). As part of the Judgment, Defendant was ordered to pay a $100.00 criminal assessment and restitution of $90,132.89 to his victims.

Subsequently, the United States sought to garnish Defendant's gaming per capita gaming revenue. On November 3, 2016, (Doc. 34), the Court entered a Writ of Continuing Garnishment as to the Eastern Band of Cherokee Indians. The United States is entitled to garnish the per capita payments and has satisfied the prerequisites set forth in 15 U.S.C. ' 1673

and other applicable statutes.

The Tribe filed an answer on November 16, 2016 (Doc. 37) stating Defendant is subject to a current child support order in the Cherokee Court which has priority over the writ of garnishment. The Tribe's answer also set forth objections and defenses to the Government's right to garnish. On the basis of those objections, the Tribe requested this Court quash the government's garnishment. The United States filed a Response to Answer of Garnishee on November 17, 2016 (Doc.38). As to the Tribe's contention that the child support order has priority, the government does not contest the Tribe's position regarding child support.

The Tribe also objected to the garnishment on the basis that Aany garnishment order in this action should be enforced through the Cherokee Court to ensure proper allocation of garnishment distributions. There is no legal authority cited in support of the Tribe's request. Any and all funds collected by the government are sent directly to the Clerk of Court, as is required, so that the Clerk may distribute the funds in accordance with applicable law and as ordered in each criminal judgment. There is no provision that allows the Tribe to distribute funds collected by, or on behalf of, the government, victims, or other entities. To do so would violate the statutory structure of criminal judgments, restitution, the Mandatory Victim Rights Act, and the Crime Victims' Rights Act. The government is not permitted to cede its collection and distribution authority to the Tribe.

This Court agrees that all funds collected by the government in all its criminal cases are Aproperly allocated, including those collected from garnished per capita distributions, as they are distributed in accordance with applicable statutes and in accordance with the criminal judgments entered by the Court. The methods currently in place are effective, accurate, appropriate, and most importantly, compliant with the applicable laws.

The Defendant filed a Claim for Exemption Form on November 28, 2016, (Doc.39). Defendant indicated the basis for the request was item 8 the judgment for support of minor child. One objection raised a request to postpone or stop the garnishment of the per capita distribution due to his current obligation to child support and because he participates in the Inmate Financial Responsibility Program. The United States filed a Response to the Defendant's Claim for Exemptions on December 6, 2016, (Doc. 40) and does not contest the distribution to child support.

As to the Defendant's objection of the garnishment due to his participation in the Inmate Financial Responsibility Program ("IFRP") while incarcerated; the United States shows that that Defendant's participation in the IFRP has no impact on the government's ability to garnish income from other sources. Defendant provides no authority in his Objection to support any such argument and the government is unaware of any such authority. The government is entitled to seek payment from any source of income, with very narrow exceptions, pursuant to the Federal Debt Collection Procedures. This Court agrees that the Defendant's per capita income does not fall within any of the exceptions (subject to the priority of valid child support orders).

IT IS THEREFORE ORDERED that the Tribe's objections, defenses, or set-offs and its motion to quash be overruled and denied and;

IT IS FURTHER ORDERED that the Order entered January 22, 2007, in the Cherokee Tribal Court for the defendant's child support obligations, will have priority over the writ of garnishment issued by this Court until such time as the child support obligation has expired; and

IT IS FURTHER ORDERED that an Order of Continuing Garnishment is hereby ENTERED in the amount of $90,232.89, computed through October 31, 2016, which attaches to

each *per capita* distribution of gaming revenues that exceeds any court-ordered child support obligation be garnished in favor of the United States and upon expiration of the child support obligation, that all such revenue be garnished in favor of the United States until Defendant's restitution debt is paid in full.

      IT IS FURTHER ORDERED that the *per capita* payments should be made payable to the United States Clerk of Court and mailed to the United States Clerk of Court, 401 West Trade Street, Charlotte, NC 28202.   In order to ensure that each payment is credited property, the following should be included on each check: Court Number 1:15CR00072, Defendant: Lowney Yohnagalegi Crow.

Signed: December 8, 2016

Dennis L. Howell
United States Magistrate Judge